HUBERT TAYLOR, Judge.
Appellant, Michael Coleman Jones, was convicted of burglary in the first degree and sentenced to life imprisonment. Two issues are presented on appeal.
I
Jones’s first issue questions the legality of the police search of his home. Jones contends that no consent for the search was given or, alternatively, that it was obtained either while he was intoxicated or by the use of fear and coercion.
The transcript of the suppression hearing clearly indicates that Jones was lucid enough to understand the ramifications of his actions. Jones’s own testimony indicates that he remembers specific questions put to him by police officers, as well as other details of the event. There was no evidence offered during the suppression hearing that would indicate that fear or coercion was used to obtain the consent to search.
The issue, as the trial judge clearly recognized, was who to believe in regard to whether consent was actually given. During the hearing, substantial evidence was introduced which indicated that consent was given. The trial judge did not err by admitting the evidence. Hollander v. State, 418 So.2d 970 (Ala.Cr.App.1982).
*367 II
Jones’s other issue concerns the judge’s action in quashing the subpoena of an eyewitness.
The underlying incident which led to this trial was a particularly depraved case of rape, sodomy, and burglary. The victims were a twenty-eight-year-old woman and her seven-year-old son. The rapist/burglar was masked during the incident except for a brief time when the son was not present. The woman, immediately upon the arrival of the police, identified the attacker as her next door neighbor of six years. Additionally, other evidence pointed to Jones as the perpetrator of the crime.
The defense subpoenaed the son, an eyewitness to a portion of the crime and victim of a sexual assault, for the purpose of having him tell the jury he did not know who the attacker was. The evidence tended to indicate that the attacker’s identity was revealed only to the woman, so the boy’s probable testimony, at best, would show that he had no opportunity to learn the attacker’s identity.
More importantly by far, however, was the evidence produced at the hearing on the motion to quash that indicated that the boy was incapable of reciting or testifying about the event in question. A doctor and social worker, who had examined the boy, testified that he had “blocked out” the event and could not recite any details of the attack. The hearing on the motion was very thorough, and the rights of Jones were honestly examined throughout the proceeding. At the conclusion of the hearing, the judge determined that the boy was incompetent to testify. We agree.
Although we are aware of Jones’s Sixth Amendment rights and feel that it would be poor precedent to allow the prosecutor to interfere with the presentation of defense witnesses, in this case the competency of the child was a legitimate question properly decided by the trial judge. Smith v. State, 380 So.2d 345 (Ala.Cr.App.1980); C. Gamble, McElroy’s Alabama Evidence § 94.01(2) (3d ed. 1977).
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.